**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOUNDLESS BROADBAND, LLC, *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10948 (BLS)<br>(Jointly Administered)<br><br>**Related D.I.: 86, 203, 258, 259 and 269** |

**ORDER (A) APPROVING BID PROCEDURES IN CONNECTION WITH
THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS,
(B) SCHEDULING AN AUCTION AND A SALE HEARING, (C) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF, (D) AUTHORIZING
DESIGNATION OF STALKING HORSE BIDDER, (E) APPROVING BID
PROTECTIONS, (F) APPROVING PROCEDURES FOR THE ASSUMPTION
AND ASSIGNMENT OF CONTRACTS AND LEASES,
AND (G) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of the Debtors[2] seeking entry of an order approving the Bid Procedures and granting related relief; and upon the First Day Declaration and any supplemental declarations and other testimony and evidence submitted by the Debtors in support of the Motion, including the *Declaration of Andrew Bracy of Woodward Park Partners, LLC in Support of Debtors' Bid Procedures Motion* [D.I. 259] and the *Declaration of Richard Arrowsmith, Chief Restructuring Officer of the Debtors, in Support of Debtors' Bid Procedures Motion* [D.I. 258]; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any (the "**Hearing**"); and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Boundless Broadband, LLC (9851), Tilson Technology Management, Inc. (9537) and Tilson Middle Street Holding, LLC (9323). The Debtors' mailing address is 16 Middle Street, 4th Floor, Portland, ME 04101.

[2] Capitalized terms used as defined terms herein but not otherwise defined shall have the meanings ascribed to them in the Motion, the DIP Order, or the Bid Procedures, as applicable. In the event there is a conflict between this Order and the Motion, this Order shall control and govern.

determined the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**THE COURT FINDS THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

D. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E. Good and sufficient notice of the Motion, including the relief sought therein, and the Hearing was sufficient under the circumstances, and such notice complied with all applicable requirements under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice need be provided.

F. The Debtors have articulated good and sufficient reasons for this Court to (i) approve the Bid Procedures, (ii) schedule the bid deadlines and the Auction and the Sale Hearing, (iii) approve the form and manner of notice of the Auction and Sale Hearing, (iv) approve procedures for the assumption and assignment of the Assumed Contracts, including notice of the proposed cure amounts, (v) authorize designation of one or more Stalking Horse Bidder(s), and (vi) offer the Stalking Horse Bidder(s) the following: (a) a break-up fee up to 3.0% of the total cash consideration proffered (the "**Break-Up Fee**") on the terms set forth in a Stalking Horse APA, (b) expense reimbursement of the Stalking Horse Bidder's out-of-pocket legal fees and hard costs incurred up to **$200,000** for each Stalking Horse Bidder (the "**Expense Reimbursement**" and

together with the Break-Up Fee, the "**Bid Protections**"), and (c) an initial overbid equal to the Bid Protections, plus <u>**$500,000**</u> (the "**Initial Overbid**").

G.  Neither the filing of the Motion, entry of this Order, the solicitation of bids or the conducting of the Auction in accordance with the Bid Procedures nor any other actions taken by the Debtors in accordance therewith shall constitute a sale of the Assets, which sale will only take place, if at all, following the Sale Hearing.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

**A.    The Bid Procedures; Stalking Horse APA; Deadlines**

2. The Bid Procedures, attached hereto as **Exhibit 1**, are approved and incorporated into this Order.  The Bid Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed Sale, and any party desiring to submit a higher or better offer for the Assets must comply with the terms of the Bid Procedures and this Order.

3. The failure to specifically include or reference any particular provision of the Bid Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being the Court's intent that the Bid Procedures are approved in their entirety as if fully set forth in this Order.

4. The Debtors are authorized, after consultation with the Consultation Parties, to enter into a Stalking Horse APA with one or more Stalking Horse Bidders, in form and substance acceptable to the DIP Agent and the Required DIP Lenders, which Stalking Horse APA may include the Bid Protections.

5. Any objection to (i) the Bid Protections set forth in a Stalking Horse Notice (solely to the extent such Bid Protections exceed those approved herein), or (ii) the designation of the

55734083.10

Stalking Horse Bidder (a "**Stalking Horse Objection**") shall be filed and actually received by the following parties no later than 4:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) days following service of the Stalking Horse Notice (the "**Stalking Horse Designation Objection Deadline**"): (a)(i) proposed counsel to the Debtors, Verrill Dana, LLP, Attn: Lindsay K. Milne (lmilne@verrill-law.com) and Letson Douglass Boots (lboots@verrill-law.com), and (ii) counsel to the Debtors, Saul Ewing LLP, Attn: Evan T. Miller (evan.miller@saul.com) and Monique B. DiSabatino (monique.disabatino@saul.com); (b) counsel to the DIP Agent and the Prepetition Agent: Morgan, Lewis & Bockius LLP, Attn: Jennifer Feldsher (jennifer.feldsher@morganlewis.com), Jonathan K. Bernstein (jonathan.bernstein@morganlewis.com), and David K. Shim (david.shim@morganlewis.com); (c) proposed co-counsel to the Committee, (i) Lowenstein Sandler LLP, Attn: Jeffrey L. Cohen (jcohen@lowenstein.com); David M. Posner (dposner@lowenstein.com); and Eric S. Chafetz (echafetz@lowenstein.com) and (ii) Blank Rome LLP, Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com); Stanley B. Tarr (stanley.tarr@blankrome.com); and Jordan L. Williams (jordan.williams@blankrome.com); (d) counsel for any Stalking Horse Bidder(s); and (e) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov).

6.     If a timely Stalking Horse Objection is filed, the Debtors are authorized to seek an expedited hearing with respect to the Stalking Horse Objection on not less than two (2) calendar days' notice. Absent any timely Stalking Horse Objection, the Court may approve the Bid Protections set forth in the Stalking Horse Notice and the designation of the Stalking Horse Bidder without further notice or hearing.

55734083.10

7. The following dates and deadlines regarding bidding are hereby established, subject to modification in accordance with the Bid Procedures and DIP Order:

| Milestones | Proposed Dates |
|---|---|
| Deadline to Serve Sale Notice | July 28, 2025 (or two (2) business days following entry of the Bid Procedures Order) |
| Stalking Horse Designation Objection Deadline | The date that is 14 days after service of a Stalking Horse Notice. |
| Deadline to Serve Contract Assumption/Assignment Notice | August 5, 2025 |
| Deadline to Object to Object to Assumption/Assignment Notice | The date that is 14 days after service of the notice. |
| Deadline to File Proposed Form of Sale Order | August 8, 2025 |
| Sale Objection Deadline (Including Objections to Sale to Stalking Horse Bidder(s) | August 18, 2025 |
| Bid Deadline (i.e. deadline for a Bidder to submit materials for becoming a Qualified Bidder, including but not limited to an executed agreement, good faith deposit, assets/liabilities covered, contracts/leases covered, identity of Bidder, proof of financial ability to perform) | September 5, 2025 |
| Auction | September 11, 2025 |
| Deadline to File and Serve Notice of Successful and Back-Up Bidders | September 12, 2025 or as soon as practicable following the auction |
| Deadline to Object to Sale to Successful Bidder (other than Stalking Horse Bidder) and Adequate Assurance of Successful Bidder (other than Stalking Horse Bidder) (the "Residual Objection Deadline") | September 17, 2025 |
| Reply in Support of Sale Order | September 19, 2025 |
| Sale Hearing | September 24, 2025 at 10:00 a.m. (ET) |
| Outside Closing Date | September 30, 2025 |

B. **Approval of the Bid Protections**

8. The Bid Protections and the Initial Overbid are approved as set forth herein. The Debtors are authorized to pay the Bid Protections if, and to the extent, such amounts become due and payable under the terms of the Stalking Horse APA; *provided,* that before any payment of the Expense Reimbursement to the Stalking Horse Bidder, the Stalking Horse Bidder shall provide to

5

the U.S. Trustee and the advisors to the Debtors and the Committee on a "professional eyes only" basis reasonable documentation of the Expense Reimbursement (including good faith estimates of unbilled amounts), which shall not require time entries and may be (a) in a summary form that includes a brief description of the services provided or other expense incurred, the identity of each individual professional submitting an expense, their hourly rate and the total amount requested by professional (to the extent such professionals are compensated on an hourly-rate basis), and (b) redacted or modified to the extent necessary to remove any information subject to the attorney-client privilege, any information constituting attorney work product, or any confidential or commercially sensitive information (and the provision of such documentation shall not constitute any waiver of the attorney-client privilege, any benefits of the attorney work product doctrine, or any privilege or protection from disclosure of such information). The Committee and the U.S. Trustee shall have five (5) business days from receipt (the "**Review Period**") to review such documentation solely with respect to the reasonableness of such Expense Reimbursement. If the Committee or the U.S. Trustee is unable to resolve any objection it may have with respect to the reasonableness of the Expense Reimbursement during the Review Period, it may file an objection (prior to the expiration of the Review Period) seeking relief on an expedited basis (and the Debtors shall consent to a hearing on such expedited basis), and the Court shall render a determination with respect to such dispute. The Debtors shall pay any undisputed portion of the Expense Reimbursement from the proceeds of an alternative transaction and as otherwise provided in the Stalking Horse APA, without further order of the Bankruptcy Court, and the disputed portion of the Expense Reimbursement shall, following consummation of an alternative transaction, be escrowed in a segregated account for the sole purpose of paying such disputed portion of the Expense Reimbursement to the extent approved by the Bankruptcy Court.

55734083.10

9. The Bid Protections shall constitute an allowed administrative expense claim against the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 363, 364(c)(1), 503(b), and 507(a)(2). The Bid Protections shall be payable solely from the proceeds of any alternative transaction and as otherwise provided in the Stalking Horse APA.

**C.   The Auction**

10. As further described in the Bid Procedures, if one or more Qualified Bid(s), other than the Stalking Horse APA, is received by the Bid Deadline, the Debtors will conduct an Auction, virtually or in person, in consultation with the Consultation Parties, at 10:00 a.m. **(prevailing Eastern Time) on <u>September 11, 2025</u>,** or such later time on such day or other place as the Court may direct. The Debtors are authorized, subject to the terms of this Order and the Bid Procedures, to take actions reasonably necessary to conduct and implement the Auction.

11. If only one Qualified Bid (including any Stalking Horse APA) or no Qualified Bid (or Bid that may be remedied into a Qualified Bid pursuant to the Bid Procedures and is actually remedied into a Qualified Bid) is received by the Bid Deadline, the Debtors shall: (a) file a notice of cancellation of the Auction and (b) seek authority at the Sale Hearing to consummate the Sale Transaction with the Qualified Bidder (including any Stalking Horse Bidder). The Debtors may also, in consultation with the Consultation Parties, cancel the Auction if they determine to implement the Sale Transaction through a chapter 11 plan of reorganization in advance of the Bid Deadline.

12. The Debtors and their professionals shall direct and preside over the Auction, shall consult with the Consultation Parties throughout the Auction process, and the Auction shall be transcribed and/or videotaped.

55734083.10

13. No person or entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fee, topping or termination fee, or other similar fee or payment, and, by submitting a Bid, such person or entity is deemed to have waived its right to request or file with this Court any request for expense reimbursement or any other fee of any nature in connection with the Auction and the Sale Transaction, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

D. **Assumption and Assignment Notices and Procedures**

14. The procedures set forth below regarding the assumption and assignment of the executory contracts and unexpired leases proposed to be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code and assigned to any Stalking Horse Bidder (or other Successful Bidder, if any) (the "**Assumed Contracts**") pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale (the "**Assumption Procedures**") are hereby approved as set forth herein. These Assumption Procedures shall govern the assumption and assignment of the Assumed Contracts, subject to the payments necessary to cure any defaults arising under any such Assumed Contracts.

15. Within six (6) business days of the entry of this Bid Procedures Order, the Debtors shall serve via email (or if email is not available, via first class mail) on all counterparties to any Assumed Contract (the "**Contract Counterparties**') an Assumption and Assignment Notice, which notice shall be substantially in the form attached hereto as **Exhibit 3**. The presence of an Assumed Contract on the Assumption and Assignment Notice does not constitute an admission that such Assumed Contract is an executory contract or unexpired lease, and **the presence of an Assumed Contract on any notice shall not prevent the Debtors from subsequently**

55734083.10

**withdrawing such request for assumption or rejecting such Assumed Contract any time before such Assumed Contract is actually assumed and assigned pursuant to the Sale Order**.

16. Although the Debtors intend to make a good faith effort to identify all Assumed Contracts that may be assumed and assigned in connection with a Sale Transaction, the Debtors may discover certain executory contracts and unexpired leases inadvertently omitted from the list of Assumed Contracts. Accordingly, the Debtors reserve the right, at any time after the service of the Assumption and Assignment Notice and before the closing of a Sale Transaction, to: (i) supplement the list of Assumed Contracts with previously omitted executory contracts or unexpired leases, (ii) remove Assumed Contracts from the list of executory contracts and unexpired leases ultimately selected as Assumed Contracts that a Successful Bidder proposes to be assumed and assigned to it in connection with a Sale Transaction, and/or (iii) modify the previously stated cure amount associated with any Assumed Contract. In the event the Debtors exercise any of these reserved rights, the Debtors will promptly serve a supplemental notice of contract assumption (a "**Supplemental Assumption Notice**") on each of the relevant Contract Counterparties to such Assumed Contracts and their counsel of record, if any; provided, however, the Debtors may not add an executory contract to the list of Assumed Contracts that has been previously rejected by the Debtors by order of the Court. Each Supplemental Assumption Notice shall include the same information with respect to listed Assumed Contracts as was included in the Assumption and Assignment Notice.

17. Objections, if any, to the cure amount set forth on the Assumption and Assignment Notice or to the possible assignment of an Assumed Contract (each, an "**Assumed Contract Objection**") must: (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature of the objection and, if the

55734083.10

objection pertains to the proposed cure amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served on the following parties on or before **4:00 p.m. (ET) on August 19, 2025** (or the date that is fourteen (14) days after service of the Assumption and Assignment Notice) (the "**Assumed Contract Objection Deadline**"), or, with respect to a Supplemental Assumption Notice, the date that is fourteen (14) days after service of such notice: (a)(i) proposed counsel to the Debtors, Verrill Dana, LLP, Attn: Lindsay K. Milne (lmilne@verrill-law.com) and Letson Douglass Boots (lboots@verrill-law.com), and (ii) counsel to the Debtors, Saul Ewing LLP, Attn: Evan T. Miller (evan.miller@saul.com) and Monique B. DiSabatino (monique.disabatino@saul.com); (b) counsel to the DIP Agent and the Prepetition Agent: Morgan, Lewis & Bockius LLP, Attn: Jennifer Feldsher (jennifer.feldsher@morganlewis.com), Jonathan K. Bernstein (jonathan.bernstein@morganlewis.com), and David K. Shim (david.shim@morganlewis.com); (c) proposed co-counsel to the Committee, (i) Lowenstein Sandler LLP, Attn: Jeffrey L. Cohen (jcohen@lowenstein.com); David M. Posner (dposner@lowenstein.com); and Eric S. Chafetz (echafetz@lowenstein.com) and (ii) Blank Rome LLP, Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com); Stanley B. Tarr (stanley.tarr@blankrome.com); and Jordan L. Williams (jordan.williams@blankrome.com); (d) counsel for any Stalking Horse Bidder(s); and (e) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov).

18. If a Contract Counterparty does not timely file and serve an Assumed Contract Objection, that party shall be forever barred from (i) objecting to the Debtors' proposed cure amount or the assumption and assignment of that party's executory contract or unexpired lease

(including the adequate assurance of future performance), and (ii) arguing that applicable law excuses such counterparty from accepting performance by, or rendering performance to, any Stalking Horse Bidder or the Successful Bidder, as applicable, for purposes of section 365(c)(1) of the Bankruptcy Code.

19.   Where a Contract Counterparty files a timely Assumed Contract Objection asserting a higher cure amount than the amount listed in Assumption and Assignment Notice, or objecting to the possible assignment of that Contract Counterparty's executory contract or unexpired lease, and the parties are unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section 365 (if any) or, as the case may be, the Debtors' ability to assign the executory contract or unexpired lease to the Successful Bidder, shall be determined at the Sale Hearing.

20.   The payment of the applicable cure amount by the Debtors or any Stalking Horse Bidder (or other Successful Bidder), as applicable, shall: (i) effect a cure of all defaults existing thereunder and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

**E.   Notice of the Sale Process**

21.   The Sale Notice and the Assumption and Assignment Notices, in substantially the forms as annexed to this Order as **Exhibit 2**, and **Exhibit 3**, respectively, are hereby approved.

22.   Within two (2) business days after the entry of this Order, the Debtors (or their agent) shall serve the Sale Notice by first-class mail upon the Sale Notice Parties.

23.   By the date that is ten (10) days after the entry of the Bid Procedures Order or as soon as practicable thereafter, the Debtors shall publish the Sale Notice on the Debtors' Case

Website and publish the Publication Notice substantially similar to the Sale Notice in the *Wall Street Journal* and *TMT Finance*.

**F.      The Sale Hearing**

24.     The Sale Hearing shall be conducted before the Court on **September 24, 2025 at 10:00 a.m. (prevailing Eastern Time)**. At the Sale Hearing, the Debtors will seek entry of an order approving and authorizing the sale of the Assets to the Successful Bidder, in form and substance acceptable to the DIP Agent and the Required DIP Lenders and after consultation with the Consultation Parties. The Sale Hearing may be adjourned from time to time without further notice other than such announcement being made in open court or a notice of adjournment filed on the Court's docket.

**G.      Objections to the Sale**

25.     Any objections to the Sale or the relief requested in connection with the Sale (a "**Sale Objection**"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service, **on or before 4:00 p.m. (ET) on August 18, 2025** (the "**Sale Objection Deadline**"); and (e) be served, so as to be actually received on or before the Sale Objection Deadline, upon the following parties, provided that solely with respect to an objection to the conduct of the Auction, the designation of any Successful Bidder or Bid or Back-Up Bidder or Bid, the terms (including price) of such bids, and any objection to adequate assurance of future performance by the Successful Bidder or Back-Up Bidder (together, a "**Residual Sale Objection**"), the deadline to object shall be **on or before 4:00 p.m. (ET) on September 17, 2025**: (a)(i) proposed counsel to the Debtors, Verrill Dana, LLP, Attn: Lindsay K. Milne (lmilne@verrill-law.com) and Letson

Douglass Boots (lboots@verrill-law.com), and (ii) counsel to the Debtors, Saul Ewing LLP, Attn: Evan T. Miller (evan.miller@saul.com) and Monique B. DiSabatino (monique.disabatino@saul.com); (b) counsel to the DIP Agent and the Prepetition Agent: Morgan, Lewis & Bockius LLP, Attn: Jennifer Feldsher (jennifer.feldsher@morganlewis.com), Jonathan K. Bernstein (jonathan.bernstein@morganlewis.com), and David K. Shim (david.shim@morganlewis.com); (c) proposed co-counsel to the Committee, (i) Lowenstein Sandler LLP, Attn: Jeffrey L. Cohen (jcohen@lowenstein.com); David M. Posner (dposner@lowenstein.com); and Eric S. Chafetz (echafetz@lowenstein.com) and (ii) Blank Rome LLP, Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com); Stanley B. Tarr (stanley.tarr@blankrome.com); and Jordan L. Williams (jordan.williams@blankrome.com); (d) counsel for any Stalking Horse Bidder(s); and (e) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov).

26. A party's failure to timely file a Sale Objection or Residual Sale Objection in accordance with this Order shall forever bar the assertion, at the applicable Sale Hearing or otherwise, of any objection to the relief requested in the Motion, or to the consummation of the Sale Transaction and the performance of the related transactions, including the transfer of the Assets to the applicable Successful Bidder(s), free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and may be deemed to be a "consent" for purposes of section 363(f) of the Bankruptcy Code.

**H.    Credit Bidding**

27. Any bidder holding a perfected security interest in any of the Assets may seek to credit bid all, or a portion of, such bidder's claims for its respective collateral in accordance with section 363(k) of the Bankruptcy Code (each, a "**Credit Bid**"), subject to the following: (i) the

55734083.10

DIP Secured Parties may credit bid the full amount of the DIP Obligations (including the Rolled-Up Obligations), and (ii) the Prepetition Secured Parties may credit bid the full amount of the Prepetition Secured Obligations, provided that any such Credit Bid by the Prepetition Secured Parties or any other junior creditor shall be subject to the payment in full in cash of all DIP Obligations (including the Rolled-Up Obligations).  Any Credit Bid that complies with the Bidding Procedures shall be deemed a Qualified Bid, and the applicable DIP Secured Parties and Prepetition Secured Parties shall be deemed Qualified Bidders and shall not be required to submit a Good Faith Deposit.

**I.     Other Relief Granted**

28.     Nothing in this Order, any Stalking Horse APA, or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

29.     Notwithstanding anything in this Order to the contrary, the existing and future subrogation rights, other common law rights and remedies of Hartford Fire Insurance Company and its affiliated sureties ("**Hartford**") and Harco National Insurance Company (together, the "**Sureties**"), and the rights of the Sureties under or in connection with any Indemnity Agreement executed by any Debtor in their favor, as well as any of the Sureties' rights under law and equity, are hereby preserved.

30.     To the extent that the Debtors and the Successful Bidder enter into a transition agreement or similar agreement that allows the Successful Bidder to operate the Assets purchased in the sale with existing surety bonds until such Successful Bidder obtains replacement surety bonds or an appropriate agreement with the Surety (a "**Transition Agreement**"), the Debtors shall provide notice of such Transition Agreement to the relevant Sureties as soon as practicable following entry, and an opportunity to object thereto.

31. For the avoidance of doubt, nothing in the Motion or this Order authorizes the assumption and assignment of any surety bonds, including the Four Harco Bonds (as defined in Harco's Limited Objection [D.I. 246]).

32. The failure to include or reference a particular provision of the Bid Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

33. The Debtors are authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

34. Prior to mailing the Sale Notice, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deems necessary or appropriate.

35. All parties in interest reserve any right they may have to object to, or otherwise contest, any proposed sale of the Debtors' assets requiring Court approval.

36. In the event of any inconsistencies between this Order, the Motion, and/or the Bid Procedures, this Order shall govern in all respects.

37. Notwithstanding anything to the contrary contained herein, in the Bidding Procedures, or otherwise: (i) the rights of the DIP Secured Parties and the Prepetition Secured Parties to consent to the sale of any portion of their DIP Collateral or Prepetition Collateral are expressly reserved and shall not be modified, waived, or impaired by this Order in any respect; and (ii) nothing in this Order shall amend, modify, waive, or impair any provision of the DIP Order, including, without limitation, the requirements relating to compliance with the DIP Budget, the DIP Credit Agreement, and the Milestones, and the requirement that the Debtors remit, or

55734083.10

cause to be remitted, all proceeds of Collateral to the DIP Agent for application to the DIP Obligations in accordance with the DIP Order and the DIP Loan Documents (subject to, for the avoidance of doubt, to the extent applicable, the provisions set forth in paragraph 5.14 of the DIP Order), and that, following indefeasible payment in full of the DIP Obligations, all remaining proceeds of Collateral shall be remitted to the Prepetition Agent for application to the Prepetition Secured Obligations in accordance with the DIP Order and the Prepetition Loan Documents (subject to, for the avoidance of doubt, to the extent applicable, the provisions set forth in paragraph 5.14 of the DIP Order).

38. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

39. To the extent the dates and deadlines herein are modified pursuant to the Bid Procedures and such modification is inconsistent with the requirements of Local Rule 9006-1, such requirements shall be deemed satisfied.

40. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

41. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

55734083.10

42. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. This Court has the authority to fashion appropriate relief, on an emergency basis or otherwise, for any violations of this Order or the Bid Procedures.

Dated: July 23rd, 2025
Wilmington, Delaware

_____
BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

55734083.10