**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOUNDLESS BROADBAND, LLC, *et al.*,[1] | Case No. 25-10948 (BLS) |
| | Jointly Administered |
| Debtors. | **Objection Deadline: October 23, 2025 at 4:00 p.m. (ET)** |

**NOTICE OF STIPULATION GRANTING LIMITED RELIEF FROM THE
AUTOMATIC STAY WITH RESPECT TO PROPERTY DAMAGE CLAIMS
ASSERTED BY SALT RIVER PROJECT AGRICULTURAL
IMPROVEMENT AND POWER DISTRICT**

PLEASE TAKE NOTICE that on October 9, 2025, counsel for the above-captioned debtors and debtors in possession (the "**Debtors**") and counsel for Salt River Project Agricultural Improvement and Power District ("**Salt River**") entered into a *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Property Damage Claims Asserted by Salt River Project Agricultural Improvement and Power District* (the "**Stipulation**"). Subject to bankruptcy court approval, the Stipulation provides limited relief from the automatic stay to permit Salt River to pursue the Claims (as defined in the Stipulation), to the extent of any available insurance. Attached hereto as **Exhibit A** is a proposed form of order approving the Stipulation.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Court's approval of the Stipulation must be (i) in writing and served on or before **October 23, 2025, at 4:00 p.m. (ET)** (the "**Objection Deadline**"); (ii) filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801; and (iii) served so as to be received on or before the Objection Deadline by the undersigned attorneys for the Debtors.

PLEASE TAKE FURTHER NOTICE that if any objections to the Stipulation are filed, and the parties are unable to reach a resolution thereof, a hearing on the Stipulation will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom #1, Wilmington, Delaware 19801, at a date and time convenient to the Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Boundless Broadband, LLC (9851), Tilson Technology Management, Inc. (9537) and Tilson Middle Street Holding, LLC (9323). The Debtors' mailing address is 16 Middle Street, 4th Floor, Portland, Maine 04101.

PLEASE TAKE FURTHER NOTICE that only objections made in writing and timely filed and received, in accordance with the procedures above, will be considered by the Bankruptcy Court at such hearing.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THEN THE COURT MAY GRANT THE RELIEF REQUESTED IN THE STIPULATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: October 9, 2025
Wilmington, DE

**SAUL EWING LLP**

*/s/ Monique B. DiSabatino*
Evan T. Miller (DE Bar No. 5364)
Monique B. DiSabatino (DE Bar No. 6027)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, Delaware 19801
Telephone: (302) 421-6800
evan.miller@saul.com
monique.disabatino@saul.com
paige.topper@saul.com

-and-

**VERRILL DANA, LLP**
Lindsay K. Milne, Esq. (admitted *pro hac vice*)
Letson D. Boots, Esq. (admitted *pro hac vice*)
One Portland Square, 10th Floor
Portland, Maine 04101-4054
Telephone: (207) 774-4000
lmilne@verrill-law.com
lboots@verrill-law.com

*Counsel for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| BOUNDLESS BROADBAND, LLC, *et al.*,[1] | ) Case No. 25-10948 (BLS) |
| Debtors. | ) Jointly Administered |
|  | ) **Related to Docket No.** |

## ORDER APPROVING STIPULATION GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO PROPERTY DAMAGE CLAIMS ASSERTED BY SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT

Upon consideration of the *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Property Damage Claims Asserted by Salt River Project Agricultural Improvement and Power District* (the "**Stipulation**")[2] attached hereto as **Exhibit 1;** and the Court having jurisdiction over the matters raised in the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Stipulation establish just

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Boundless Broadband, LLC (9851), Tilson Technology Management, Inc. (9537) and Tilson Middle Street Holding, LLC (9323). The Debtors' mailing address is 16 Middle Street, 4th Floor, Portland, ME 04101.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

2

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Debtors and the claims agent are authorized to take any and all actions necessary to effectuate the Stipulation including, without limitation, amending the claims register in the chapter 11 cases to reflect the terms of the Stipulation. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

3. This Order is effective immediately upon entry.

# EXHIBIT 1

## Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOUNDLESS BROADBAND, LLC, *et al.*,[1] | ) | Case No. 25-10948 (BLS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |

## STIPULATION GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO PROPERTY DAMAGE CLAIMS ASSERTED BY SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT

This *Stipulation Granting Limited Relief from the Automatic Stay with Respect to Property Damage Claims Asserted by Salt River Project Agricultural Improvement and Power District* (the "**Stipulation**") is made and entered into as of the 9th day of October, 2025 between and among the above-referenced debtors and debtors-in-possession, Boundless Broadband, LLC ("**Boundless**"), Tilson Technology Management, Inc. ("**TTMI**"), and Tilson Middle Street Holding, LLC ("**TMSH**") (each, a "**Debtor**" and, collectively, the "**Debtors**"), and Salt River Project Agricultural Improvement and Power District (the "**Claimant**," and together with the Debtors, the "**Parties**"), by and through their respective duly authorized undersigned counsel.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Boundless Broadband, LLC (9851), Tilson Technology Management, Inc. (9537) and Tilson Middle Street Holding, LLC (9323). The Debtors' mailing address is 16 Middle Street, 4th Floor, Portland, ME 04101.

## INTRODUCTION

**WHEREAS**, on May 29, 2025 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**");

**WHEREAS**, the Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") have been procedurally consolidated;

**WHEREAS**, on or about August 19, 2025, the Claimant commenced an action (the "**Action**") against TTMI (among others) in the Maricopa County Superior Court, Arizona, alleging a property damage cause of action (the "**Filed Claim**"), which Action is captioned as Salt River Project Agricultural Improvement and Power District, Case No.: CV2025-029305;

**WHEREAS,** Claimant asserts that it has additional property damage claims against Tilson that were not included in the Action that it seeks to pursue (the "**Unfiled Claims**", together, with the Filed Claim, the "**Claims**");

**WHEREAS**, the Claimant asserts that the Claims are covered under a certain insurance policy maintained by the Debtors (the "**Insurance Policy**");

**WHEREAS**, on September 24, 2025, upon receipt of notice of the Chapter 11 Cases and request of the Debtors, the Claimant dismissed the Action pending further discussion with the Debtors regarding the Claims;

**WHEREAS**, the Debtors deny any and all liability with respect to, and contest the merits of, the Claims; and

**WHEREAS**, the Claimant seeks, and the Debtors are willing to consent to, a limited modification of the automatic stay of section 362 of the Bankruptcy Code, subject solely to the terms and conditions set forth herein, to permit the Claimant to pursue the Claims.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby contract, covenant and agree, subject to Bankruptcy Court approval as set forth herein, as follows:

## STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a Final Order of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Stipulation, any motion or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*. As used herein, "**Final Order**" means an order of the Court, as entered on the docket in the Chapter 11 Cases, that has not been reversed, stayed, modified or amended and to which the time to appeal, petition for certiorari, or seek re-argument or rehearing has expired and to which no appeal, re-argument, petition for certiorari, or rehearing is pending or, if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such order has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal or to

seek certiorari or further re-argument or rehearing has expired, *provided, however*, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure or Rule 9024 of the Federal Rules of Bankruptcy Procedure may be filed with respect to such order, as long as such a motion actually has not been filed.

3. Upon the Stipulation Effective Date, the automatic stay shall be modified solely to permit the Claimant to pursue the Claims and pursue coverage and a recovery under the Insurance Policy in connection with the Claims; provided, however, that, with respect to any settlement with or judgment against the Debtors in connection with the Claims, the Claimant shall be limited by, and shall look strictly and solely to, the proceeds of the Insurance Policy, if any. Neither the Claimant nor any of its agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any settlement or judgment obtained on account of or in connection with the Claims from the Debtors and/or the properties and assets of any of the Debtors' estates.

4. In the event there is a deductible due and owing on the applicable Insurance Policy, if any, neither Claimant nor any of its agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of any deductible in connection with the Claims from the Debtors and/or the properties and assets of any of the Debtors' estates. For the avoidance of doubt, the Claimant acknowledges that the Debtors' agreement to modify the automatic stay as set forth herein is not a commitment to pay any portion of any deductible, self-insured retention or other amount related to the Claims or to any applicable Insurance Policy.

5. The Claimant waives the right and ability to recover on any and all claims that it has or may have against the Debtors or their estates arising out of, related to, or in connection with, the Claims, other than from an applicable Insurance Policy.

56518104.1

6. Upon the Stipulation Effective Date, the Claimant waives the ability to file, amend and/or seek recovery on any and all claims that it may have against the Debtors and/or their estates.

7. Upon the Stipulation Effective Date, any assertions as to any stay violation by the Claimant are resolved.

8. Except to the extent expressly set forth in paragraph 3 herein, the automatic stay of section 362(a) of the Bankruptcy Code shall remain in full force and effect for all other purposes. Nothing herein shall constitute or operate as a waiver or modification of the automatic stay so as to permit the prosecution against any of the Debtors of any claims by any person or entity other than the Claimant with respect to the Claims, subject to the limitations set forth herein.

9. The agreement by the Debtors to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance or to cooperate with the Claimant in any way in his efforts to pursue coverage and/or a recovery in connection with the Claims or to secure coverage and/or payment from the Insurance Policy, if any, on any settlement or judgment arising from the Claims.  The Claimant acknowledges that the Debtors, and their counsel, have not made any representations or warranties as to whether the Insurance Policy provides coverage or would otherwise provide payment related to the Claims, and that any determination made by the Claimant as to the availability of coverage or payment from the Insurance Policy is made wholly on the basis of the Claimant's independent investigation. Nothing in this Stipulation shall provide a basis for or constitute a determination as to the availability or applicability of coverage or payment by the Insurance Policy or the Claimant's rights or entitlement to the proceeds of such Insurance Policy, nor shall this Stipulation be construed to be binding on the Debtors' insurers regarding the Insurance Policy and/or the Claims.

10. Nothing contained herein shall be deemed an admission of liability on the part of the Debtors with respect to the Claims.

11. The Debtors and the claims agent are authorized to take any and all actions necessary to effectuate this Stipulation including, without limitation, amending the claims register in the Chapter 11 Cases to reflect the terms of this Stipulation.

12. This Stipulation is the entire agreement between the Debtors and the Claimant with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

13. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

14. Each of the Parties further acknowledge that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing. Each of the Parties has consulted with counsel of its own choosing and has had adequate opportunity to make whatever investigation or inquiry it deems necessary or desirable with respect to the subject matter and terms of this Stipulation.

15. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

16. This Stipulation shall be binding and inure to the benefit of the Parties hereto, their successors and assigns, including without limitation, as to the Debtors, any chapter 7 or chapter 11

trustee, plan administrator or estate representative, and as to the Claimant, any executor, estate administrator or representative.

17. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced.  If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

18. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof.

19. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

20. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

*[Remainder of the Page Left Intentionally Blank]*

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| | |
|---|---|
| **SAUL EWING LLP** | **SPENCER FANE LLP** |
| */s/ /Monique B. DiSabatino* | */s/ Dina Aouad* |
| Evan T. Miller (DE Bar No. 5364) | Dina G. Aouad (No. 036249) |
| Monique Bair DiSabatino (DE Bar No. 6027) | Eric D. Gere (No. 023226) |
| Paige N. Topper (DE Bar No. 6470) | 2415 E. Camelback Road, Suite 600 |
| 1201 N. Market Street, Suite 2300 | Phoenix, AZ 85016 |
| P.O. Box 1266 | Telephone: (602) 333-5430 |
| Wilmington, DE 19899 | daouad@spencerfane.com |
| Telephone: (302) 421-6800 | |
| Evan.miller@saul.com | |
| monique.disabatino@saul.com | *Counsel for Salt River Project Agricultural* |
| paige.topper@saul.com | *Improvement and Power District* |

-and-

**VERRILL DANA, LLP**
Lindsay K. Milne (admitted *pro hac vice*)
Letson D. Boots (admitted *pro hac vice*)
One Portland Square, 10th Floor
Portland, ME 04101
Telephone: (207) 774-4000
lmilne@verrill-law.com
lboots@verrill-law.com

*Counsel for Debtors and Debtors in Possession*