# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOUNDLESS BROADBAND, LLC, *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10948 (BLS)<br><br>(Jointly Administered)<br><br>**Related D.I.: 759, 821, & 836** |

## ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASES

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305(a), 349, and 1112(b) of the Bankruptcy Code, Bankruptcy Rule 1017(a), and Local Rule 1017-2, dismissing the Debtors' chapter 11 cases and granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the U.S. District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and the opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and the Court having reviewed the Motion and the Cash Collateral Budget (as amended); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Boundless Broadband, LLC (9851), Tilson Technology Management, Inc. (9537), and Tilson Middle Street Holding, LLC (9323). The Debtors' mailing address is 16 Middle Street, 4th Floor, Portland, ME 04101.

[2] Capitalized terms used but not defined herein are defined in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Pursuant to sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code, each of the chapter 11 cases is hereby dismissed effective as of the date of entry of this Order. The Debtors shall continue to operate for purposes of liquidating the Remnant Assets,[3] and winding down their estates.

4. Within one (1) business day of entry of this Order, the Debtors shall remit all accrued and unpaid fees owed to the Office of the United States Trustee in accordance with the Cash Collateral Budget attached hereto as <u>Exhibit A</u>. Those fees shall be calculated to account for the proposed distributions to professionals in accordance with the final fee application procedures set forth below and any other payments identified in the schedule to be filed pursuant to paragraph 13 herein. The Cash Collateral Budget contemplates no other disbursements related to administration of the Debtors' chapter 11 cases after entry of this Order.

5. All professionals subject to the final fee approval process shall file their final fee applications no later than thirty (30) days before the hearing to consider the final fee applications, which hearing shall be held on March 10, 2026, at 1:30 p.m. (prevailing Eastern Time), with

---

[3] For the avoidance of doubt, the Remnant Assets shall not include any claims or causes of action against non-insiders to avoid a transfer of property or an obligation incurred by the Debtors arising under chapter 5 of the Bankruptcy Code, including sections 547 and 548, 550, or 551 of the Bankruptcy Code, and applicable non-bankruptcy law; except that such claims may be brought as counterclaims or defenses to claims asserted against the Debtors.

objections due by 4:00 p.m. (prevailing Eastern Time) fourteen (14) days prior to the hearing. The Fee Examiner shall file her final fee application on or before February 9, 2026. The Supplement procedures and proposed timeframes for delivery of pleadings to Chambers set forth in the Motion are approved.

6. Payment of approved fees and expenses shall be made by the Debtors in accordance with the Cash Collateral Budget, and any remaining funds after reserving for expenses set forth in the Cash Collateral Budget shall be distributed to the DIP Agent for application to the DIP Obligations on a final and indefeasible basis in accordance with the Final DIP Order and the DIP Loan Documents. Up to $115,000 shall be allocated in the Cash Collateral Budget for the Committee's collective professional fees and expenses incurred from October 1, 2025 through the later of (i) dismissal of the chapter 11 cases and (ii) entry of an order approving the final fee applications filed by each of the Committee's professionals. Up to $403,152.50 shall be allocated for the Debtors' professionals collectively (including Omni) for fees and expenses incurred from January through dismissal. Up to $41,000 shall be allocated to the fees and expenses of the Fee Examiner. The DIP Lenders have consented to the Debtors' use of cash collateral in accordance with the Cash Collateral Budget.

7. All funds in excess of the Cash Collateral Budget in the Debtors' bank accounts shall be promptly remitted to the DIP Agent for application to the DIP Obligations pursuant to the Final DIP Order and the DIP Loan Documents.

8. The Clerk of the Court shall enter this Order individually on each of the dockets of the chapter 11 cases, and upon completion of the final fee approval process and the filing of the Post-Dismissal Payment Schedule (as defined below), each docket shall be marked as "Closed."

9. Effective immediately, the Committee shall dissolve without the need for further action by this Court, subject to the right of the Committee's professionals to engage in the final fee approval process and the rights of the Committee to participate in any appeal of this Order.

10. The Challenge Period (as defined in the Final DIP Order) has expired and no Challenges have been brought or are pending as of entry of this Order. As a result, the Stipulations and Releases under the Final DIP Order are deemed final for all purposes and are binding and preclusive on the Committee, the Debtors, and any other party in interest. Pursuant to the Final DIP Order, (a) the Prepetition Secured Obligations are allowed in full, all payments made or applied in respect of the Prepetition Secured Obligations are irrevocable, and the Secured Obligations are not subject to setoff, recoupment, counterclaim, deduction, or any claim of any kind, nor to any further objection or challenge by any party at any time, including with respect to the conversion of the Rolled-Up Obligations into DIP Obligations as provided in the Interim Order and the Final DIP Order; (b) the Prepetition Secured Parties' prepetition liens and security interests in the Prepetition Collateral are legal, valid, perfected, enforceable, non-avoidable for all purposes, and of first and senior priority, subject only to the DIP Liens, the Permitted Prior Liens, and the Carve Out, as applicable; and (c) the Prepetition Secured Parties and each of their respective participants, agents, officers, directors, employees, attorneys, professionals, successors, and assigns are released and discharged from all claims and causes of action relating to or arising from the Prepetition Loan Documents and are not subject to any further objection or challenge by any party at any time, including by any trustee, responsible individual, examiner with expanded powers, or other representative of the Debtors' estates.

11. Notwithstanding anything to the contrary herein, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders, and judgments of this Court made during the course of the chapter 11 cases or any related adversary proceeding, including, without limitation, the ITG Sale Order, the Gigapower Sale Order, and the Final DIP Order, shall remain final and in full force and effect, shall be unaffected by the dismissal of the chapter 11 cases, and are specifically preserved for all preclusive purposes, including, without limitation, collateral estoppel and res judicata.

12. Upon entry of this Order, (i) Craig Jalbert shall be designated as the Debtors' corporate officer and his appointment is hereby approved for each of the Debtors; (ii) the Debtors' Chief Restructuring Officer shall resign and his service shall be discontinued effective immediately, and (iii) the engagements of the Debtors' retained professionals will terminate.

13. Within five (5) business days after entry of an order approving the final fee applications, counsel for the Debtors shall file a schedule of all payments made after entry of this Order, including professional fees and any other amounts paid (the "Post-Dismissal Payment Schedule").

14. Omni Agent Solutions, Inc.'s retention as the Debtors' claims and noticing agent is likewise terminated, effective immediately, without the need for further action on the part of this Court or the Debtors. In accordance with Local Rule 2002-1, within fourteen (14) days of entry of this Order, the claims agent shall (i) forward to the Clerk of the Court an electronic version of all imaged claims, (ii) upload the creditor mailing list into CM/ECF, and (iii) docket a combined final claims register in the lead case.

15. The Debtors and the Buyer agree to provide at least 30 days' written notice to Statewide Traffic Safety & Signs, Inc. prior to abandoning or destroying any books and records.

16. The Debtors shall liquidate the Remnant Assets[4] and wind down in accordance with the winddown procedures set forth on **Exhibit C** to the Motion. After liquidation of the Remnant Assets, without the need for further action by this Court and without the need for further corporate action or action by the boards of directors or stockholders of the Debtors, the Debtors are authorized, but not directed, to dissolve pursuant to applicable state law. Any officer of the Debtors is authorized, but not directed, to execute and file, on behalf of the Debtors, all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with the laws of the states in which they are formed.

17. The Debtors are authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

18. To the extent applicable, Bankruptcy Rule 6004(h) is waived, and this Order shall be effective and enforceable immediately upon entry.

19. Notwithstanding the dismissal of these chapter 11 cases, this Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or relating to the implementation, interpretation, or enforcement of this Order or any other order of this Court entered in these chapter 11 cases, including, without limitation, this Order, the Final DIP Order, the ITG Sale Order, and the Gigapower Sale Order, and to rule on the allowance of final

---

[4] For the avoidance of doubt, the Remnant Assets shall not include any claims or causes of action against non-insiders to avoid a transfer of property or an obligation incurred by the Debtors arising under chapter 5 of the Bankruptcy Code, including sections 547 and 548, 550, or 551 of the Bankruptcy Code, and applicable non-bankruptcy law, except that such claims may be brought as counterclaims or defenses to claims asserted against the Debtors.

compensation of professionals retained in these chapter 11 cases and of the Fee Examiner appointed in this case.

**Dated: March 3rd, 2026**
**Wilmington, Delaware**

                                      **BRENDAN L. SHANNON**
                                      **UNITED STATES BANKRUPTCY JUDGE**

# Exhibit A

**Cash Collateral Budget**

**Tilson Technology Management, Inc. - Weekly Cash Flow Forecast through Case Dismissal**
*Amounts in $ thousands USD*

| Status | Actuals | Actuals | Actuals | Actuals | Actuals | Actuals | Forecast | |
|---|---|---|---|---|---|---|---|---|
| Week / Month | 3 | 4 | 5 | 6 | 7 | 8 | 9 | |
| Week / Month Ended | 1/23 | 1/30 | 2/6 | 2/13 | 2/20 | 2/27 | 3/6 | Total |
| Opening Cash Balance | 3,579 | 3,492 | 3,351 | 3,048 | 2,933 | 2,798 | 1,155 | 3,579 |
| Total Cash In | 5 | 0 | 1 | 0 | 0 | 7 | 14 | 27 |
| Contractors | (62) | (4) | (1) | 0 | (17) | 0 | (2) | (85) |
| 401K Wind Down (Armanino Audit) | 0 | 0 | 0 | 0 | 0 | (5) | 0 | (5) |
| Cigna Claims | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Professional Fee Payments | 0 | (157) | (54) | 0 | 0 | (254) | (552) | (1,017) |
| UCC Estimate (Oct through Dism.) | 0 | 0 | 0 | 0 | 0 | 0 | (115) | (115) |
| US Trustee | 0 | 0 | 0 | (226) | 0 | 0 | (15) | (241) |
| 2024 Tax Refund (Armanino) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Ordinary Course Professionals | 0 | (20) | 0 | 0 | 0 | 0 | 0 | (20) |
| IT Expense | 48 | (29) | (0) | 0 | (1) | 0 | 71 | 89 |
| D&O Tail | 0 | 0 | (160) | 0 | 0 | 0 | 0 | (160) |
| **Total Cash Out** | **(14)** | **(210)** | **(215)** | **(226)** | **(18)** | **(259)** | **(612)** | **(1,554)** |
| **Net Cash Flow** | **(9)** | **(210)** | **(214)** | **(226)** | **(18)** | **(251)** | **(598)** | **(1,527)** |
| ITG Inflows | 87 | 68 | 67 | 178 | 134 | 11 | 0 | 546 |
| ITG Outflows | (165) | 0 | (156) | (67) | (251) | 0 | (72) | (710) |
| Reconciliation | 0 | | | | | (0) | | (0) |
| **Paid To Lenders** | | | | | | **(1,402)** | **(486)** | **(1,887)** |
| **Ending Cash Balance** | **3,492** | **3,351** | **3,048** | **2,933** | **2,798** | **1,155** | **0** | **0** |